IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Crystal Dykes,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action Number** |
| | ) | **10-03045-CV-S-JTM** |
| **Twin City Fire Insurance Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# Order

On June 18, 2009, Crystal Dykes ("Dykes") was seriously injured in an accident when the vehicle in which she was a passenger crashed while attempting to elude law enforcement officers. The vehicle was being driven by Travis John Grubbs ("Grubbs"). Grubbs did not have automobile insurance. Consequently, on January 7, 2010, Dykes filed an action against an insurance company, Twin City Fire Insurance Company ("Twin City"), in Missouri state court, alleging that she was entitled to uninsured motorist coverage. On February 5, 2010, Twin City removed the case to this Court based on diversity of citizenship. Twelve days later, Dykes filed a motion seeking leave to amend her complaint to add Grubbs as an additional party-defendant. Moreover, inasmuch as Grubbs (like Dykes) is a citizen of Missouri (thus destroying diversity), Dykes also seeks a remand to state court.

When a state court action is removed to federal court, and the plaintiff later seeks to join additional defendants whose joinder would destroy diversity, a federal court may deny joinder, or permit joinder and remand the action to the state court. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307-08 (8th Cir. 2009) (*citing* 28 U.S.C. § 1447(e)). In determining whether to permit such an amendment, a federal court is directed to consider several factors, including:

(1) the extent to which the joinder of the non-diverse party is sought to defeat federal jurisdiction,

(2) whether the plaintiff has been dilatory in asking for amendment, and

(3) whether the plaintiff will be significantly injured if amendment is not allowed.

*Id*. at 309. In making this analysis, a court must also bear in mind that:

> [T]he parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. . . . Therefore, the district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.

*Johnson v. Travelers Home & Marine Insurance Co.*, 2010 WL 1945575, op. at *1 (E.D. Mo. May 12, 2010) (*quoting Sexton v. G & K Services, Inc.*, 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999)).

With respect to the first factor, the Court notes that "[s]everal courts have held that the fact that a plaintiff attempted to add a non-diverse defendant only after the case was removed, even though [s]he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is [merely] to defeat federal jurisdiction." *Johnson*, op. at *1 (*quoting Smith v. White Consol. Industries, Inc.*, 229 F.Supp.2d 1275, 1280 (N.D. Ala. 2002)). However, according to Dykes, she is only seeking to add Grubbs as a party-defendant because she has "past medical bills [of] $78,256.07, and it is now evident that [Dykes] sustained damages substantially in excess of the $150,000 in uninsured motorist coverage available from [Twin City]." Thus, Dykes assures the Court that she now

2

"desires to pursue legal action against [Grubbs] and to seek compensation for the full extent of her injuries."

The Court certainly is suspicious of Dykes' stated reasons. The $78,256.07 in medical bills incurred to date by Dykes were all incurred prior to the filing of the state court lawsuit and $64,510.75 of the bills were incurred prior to July of 2009. It seems to stretch the bounds of credibility that Dykes only <u>now</u> believes that her damages may exceed Twin City's $150,000 policy limits.

With all of that said, however, it would seem that there is a reasonable likelihood that a factfinder might well assess Dykes damages at greater than the Twin City policy limits, potentially leaving Dykes with uncollected damages. In such a situation, an injured plaintiff's only recourse is to sue the uninsured driver and to look to the personal assets of the uninsured driver for additional damages. Although suspicious, the Court cannot dispute Dykes' affirmative representation that she now desires to pursue legal action against Grubbs and to seek compensation for the full extent of her injuries. Dykes may pursue that action as an independent state court action or, as she is attempting to do herein, as part of her uninsured motorist lawsuit.

In a desire to avoid duplicitous and concurrent state and federal lawsuits, the Court will permit Dykes to file her amended complaint adding Grubbs as a party-defendant and will remand this action back to the Circuit Court of Howell County, Missouri, pursuant to 28 U.S.C. § 1447(e). In reaching this decision the Court gives considerable weight to the rights of Twin City (as a non-resident of Missouri) to choose a federal forum. However, balanced against that forum choice is Twin City's answer to Dykes' lawsuit. In addition to denying any coverage to Dykes (because she allegedly was not a member of the household of Twin's City's insured), Twin City also asserts a claim of comparative fault. Such a defense, as a necessity, would

require an examination of the alleged conduct and fault of Grubbs (as compared to the alleged conduct and fault of Dykes). As noted by another district court in permitting a section 1447(e) joinder:

> Balancing the factors considered under section 1447(e), the Court finds that [the insurance company] has injected into this case the question of whether plaintiff shared in the alleged negligence causing the car accident. As framed by [the insurance company], this is not a case solely about whether there is coverage under the terms of the insurance contract; but it is also about the comparative negligence of the plaintiff [and the uninsured motorist].

*Turner v. Pennsylvania Lumbermen's Mutual Fire Insurance Co.*, 2007 WL 3104930, op. at *6 (M.D. Fla. Oct. 22, 2007). Similarly, another district court has reasoned:

> [In an action against an insurance company on an uninsured motorist policy,] an insured must prove negligence and damages that she would have had to prove in an action against the uninsured motorist. Her uninsured motorist claim is the substantial equivalent of her negligence action against [the uninsured motorist]. The claims should be litigated together. In the absence of evidence of injury to [the insurance company], in view of the fact that this case is in its early stages, and because the court sees no real reason to require that [the] claims against [the uninsured motorist] and [the insurance company] be litigated separately, the court finds that the equities weigh in favor of allowing the amendment.

*Cannon v. Hartford Insurance Co. of Midwest*, 1997 WL 760500, op. at *2 (N.D. Tex. Nov. 19, 1997). The Court finds the rationale of these courts persuasive. Accordingly, it is

**ORDERED** that PLAINTIFF'S MOTION TO ADD PARTY, TO FILE FIRST AMENDED COMPLAINT AND TO REMAND [Doc. 7] IS **GRANTED**. Within seven (7) days of the date of this Order, plaintiff Crystal Dykes shall file her FIRST AMENDED PETITION with the Court. At that time the Court will enter an order remanding this case back to the Circuit Court of Howell County, Missouri.

*/s/ John T. Maughmer*
                              **John T. Maughmer**
                          **United States Magistrate Judge**